OPINION
{¶ 1} Appellant, Thomas W. Kean, appeals the judgment entry of the Trumbull County Court of Common Pleas, Division of Domestic Relations, adopting the magistrate's decision upwardly modifying his child support obligation. For the reasons that follow, we reverse.
 {¶ 2} On June 27, 2000, appellant and appellee were divorced.[1] In June of 2003, appellee initiated an administrative review of appellant's child support obligation. The Trumbull County Child Support Enforcement Agency set appellant's support obligation at $707.00 per month. Appellant filed objections and on December 29, 2003, the magistrate modified the support order to $320.00 per month. On January 7, 2004, appellee filed objections to the magistrate's decision. Appellee's handwritten objections challenged the magistrate's failure to include appellant's "Basic Allowance for Housing" and other "in-kind" payments as part of his "gross income." The objections further took issue with the magistrate's alleged failure to consider the children's daycare expenses and allowances to which she believed she was entitled for "another biological child" for whom she cares. On January 26, 2004 and March 10, 2004, the magistrate modified the order to $550.00 per month. The court adopted the magistrate's on March 12, 2004.[2] No appeal was filed.
 {¶ 3} On April 30, 2004, appellee again moved the court to modify child support. Her motion stated, in relevant part:
 {¶ 4} "[appellee] moves this court for a modification of the child support order stating that a prior order and determination has failed to properly include the Plaintiff's in kind income, to [sic] has failed to include the deduction for the Defendant's other children and has failed to include the daycare/child care costs for the children."
 {¶ 5} Appellee's motion did not include a "notice of hearing," and was not served on appellant. Appellant's attorney received service and subsequently appeared at the hearing which took place on June 23, 2004. Following the hearing, on September 29, 2004, the magistrate again modified appellant's support obligation to $621.00 per month. In arriving at its decision, the magistrate imputed over $17,000 to appellant's income derived from an available "Basic Allowance for Housing" (BAH). The BAH is an amount available to certain military personnel for living expenses if they live off-base.
 {¶ 6} On October 12, 2004, appellant filed objections to the magistrate's decision. Appellant challenged the imputation of the housing allowance to the extent he lived on base and did not actually receive BAH. Further, appellant asserted appellee's April 30, 2004 motion was simply a "restatement" of the objections she filed on January 7, 2004 which the court had previously entertained and, as a result, augmented his support obligation by way of its March 12, 2004 judgment entry. As such, appellant asserted appellee's April 30, 2004 motion to modify was barred by res judicata.
 {¶ 7} A hearing was scheduled on these issues for December 15, 2004. As a result of a continuance, the court re-scheduled the matter for January 12, 2005 and again re-set the hearing for February 17, 2005. On April 15, 2005, appellee filed a "brief/memorandum" on the issues addressed at the hearing. Finally, on May 19, 2005, the magistrate modified appellant's child support obligation to $720 per month (including in appellee's income $17,748.00, appellee's potential BAH). Appellant filed objections which the court overruled on June 8, 2005. The instant appeal ensued.
 {¶ 8} Appellant assigns one error for our review:
 {¶ 9} "The trial court erred in ordering an increase of defendant/appellant's [sic] child support obligation."
 {¶ 10} Under his sole assignment of error, appellant raises three issues. However, as appellant's second issue is dispositive of the instant matter, we need only address it. Under the second issue, appellant argues the trial court had previously, on March 12, 2004, rendered a final judgment on the issues appellant raised in her April 30, 2005 motion to modify. Accordingly, appellant contends appellee was constrained to appeal the March 12, 2004 judgment entry because the issues raised in her motion addressed specific infirmities in the March 12, 2005 judgment entry that were capable of being addressed on appeal. As appellee failed to file an appeal, she was precluded from raising them in a subsequent motion by operation of res judicata. We agree.
 {¶ 11} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379, syllabus, 1995-Ohio-331. Res judicata precludes relitigation of the same issue when there is mutuality of parties and a final decision has been issued on the merits. Id. 382.
 {¶ 12} We bear in mind, however, a domestic relations court retains continuing jurisdiction over its orders concerning matters of support. Peters v. Peters (1968), 14 Ohio St.2d 268, syllabus. Owing to the changing circumstances which naturally occur within the lives of parties to a child support order, an obligor or obligee may request a modification of support at any time. See, e.g., R.C. 3119.79(A). Because such motions are usually a function of a change in the movant's living situation, a motion invoking the continuing jurisdiction of a domestic relations court regarding support matters will generally not be barred by res judicata. Flege v. Flege, 12th Dist. No. CA2003-05-111, 2004-Ohio-1929, at ¶ 32. However, where a party has previously moved to modify a child support obligation on the same basis as a previous motion and presents no new evidence on how the circumstances were different, the motion is barred by operation of res judicata. Petralia v. Petralia, 11th Dist. No. 2002-L-047, 2003-Ohio-3867, ¶ 14-15.
 {¶ 13} In the instant matter, appellee's objections filed on January 7, 2004 entreated the court to include appellant's BAH and other in-kind income as part of his gross income. She also challenged the court's alleged failure to consider the children's daycare expenses and other allowances to which appellee believed she was entitled. The magistrate adjusted the support order in light of these objections and the court adopted the magistrate's decision in its March 12, 2004 order. The record indicates this order was permanent pursuant to Civ.R. 53(E)(4)(c) and therefore final. No appeal was filed on this order.
 {¶ 14} However, on April 30, 2004, some 48 days after the court's judgment entry was filed, appellee moved the court to modify the support award citing the court's failure to consider and include (1) appellant's "in kind" income, (2) the deduction for appellee's other children, and (3) daycare and/or child care costs. A review of the record shows that the issues raised in appellee's April 30, 2004 motion were the same as those raised in her January 7, 2004 objections to the December 29, 2003 magistrate's decision. It therefore appears appellee failed to comply with the proper procedural requirements to obtain review of perceived errors in the trial court's March 12, 2004 order.
 {¶ 15} In effect, appellee's April 30, 2004 motion to modify merely challenged the correctness of the trial court's March 12, 2004 judgment entry on the merits and could have been raised on appeal. The proper procedure would have been to file a timely
appeal with this court challenging the trial court's failure to consider the additional factors outlined in her April 30, 2004 motion to modify. Of course, aware that such an appeal would be untimely, appellee attempted to obtain review by framing her issues in terms of a separate and distinct motion to modify. In effect, the question becomes whether a motion to modify a support order may be used as a substitute for an appeal. We hold it cannot.
 {¶ 16} In Shesko v. Shesko (Dec. 8, 1989), 11th Dist. No. 88-T-4137, 1989 Ohio App. LEXIS 4569, this court analogized a motion for modification of child support with a Civ.R. 60(B) motion. Specifically, a motion for modification has the same effect as a Civ.R. 60(B) motion. Both affect the final result by altering the initial judgment of the trial court. Id. at 7. Moreover, courts have held a motion for modification of alimony may be properly filed pursuant to Civ.R. 60(B) and, in such circumstances, the rules governing the filing of a 60(B) motion would apply, viz., that such a motion may not be asserted in place of an appeal. Id., see also, McKinnon v. McKinnon (1983),9 Ohio App.3d 220. Accordingly, "a motion for modification of a support or alimony order may not be substituted for an appeal." Id. at 8
 {¶ 17} Appellee's failure to appeal the March 12, 2004 judgment entry precluded relitigation of the issues raised in her April 30, 2004 motion. The trial court should have sustained appellant's October 12, 2004 objection on the basis of res judicata. Instead, the trial court took no heed of appellant's argument and, in so doing, treated its March 12, 2004 judgment entry as a nullity. A final, voidable judgment which was not appealed may not be rendered void through a collateral attack on its merits. Eisenber v. Peyton (1978), 56 Ohio App.2d 144, 151. The judgment remains in full force and effect and cannot be disregarded. Id., see also, James v. Davis (Jan. 4, 1979), 8th Dist. No. 38008, 1979 Ohio App. LEXIS 11869, at 7. Because appellee's motion filed on April 30, 2004 is barred by res judicata, all subsequent entries are void and the March 12, 2004 judgment entry remains valid.[3]
 {¶ 18} For these reasons, appellant's sole assignment of error is sustained and the Judgment Entry of the Trumbull County Court of Common Pleas, Domestic Relations Division is hereby reversed.
O'Neill, J., O'Toole, J., concur.
[1] Appellant is an active member of the United States Marine Corps and the record indicates he has resided "on base" since the divorce.
[2] It appears from the record that the magistrate, after rendering his decision, entertained appellee's objections and modified his own initial decision. There is nothing in the record indicating this was done at the behest of the trial court. Civ.R. 53(4)(b) specifically mandates: "The court shall rule on anyobjections. The court to rule on objections and either adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." (Emphasis added). The civil rules clearly prohibit the magistrate from ruling on objections. If the magistrate entertains objections and modifies his decision accordingly, he is effectively ruling on parties' objections. We believe this violates Civ.R. 53(E)(4).
[3] We note that nothing prohibits appellee from moving the trial court to modify child support where she is able to show the circumstances upon which the former order is based have sufficiently changed to warrant the modification. Our holding today merely prohibits a party from re-litigating issues in the trial court which have been duly considered and formerly adjudicated.