JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Michael Wilmore appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, that dismissed his motion for relief from final judgment. For the reasons stated herein, we affirm.
 {¶ 2} On April 30, 2008, Wilmore filed a motion for relief from final judgment, court order, or administrative determination pursuant to R.C. 3119.961 et seq. Wilmore sought relief from a child support arrearage in the amount of $18,749.39. The juvenile court filed the motion as a separate action from the original paternity and child support case.
 {¶ 3} Wilmore attached to his motion journal entries from the original paternity and child support case in which he previously sought relief upon genetic testing results. The journal entries reflect that the juvenile court determined Wilmore was not the biological father of the child for whom the support had been ordered, and the court terminated the child support effective February 4, 2004. However, the juvenile court left intact the arrearage because it found Wilmore had sufficient time to file an objection to the establishment of paternity well before he actually did.
 {¶ 4} In this case, the court magistrate found that Wilmore never appealed from the trial court's ruling that found he was obligated on all support arrearages accrued up to February 5, 2004, and determined that the matter should be dismissed as barred by res judicata. After objections were filed, the juvenile court, upon its own *Page 4 
independent review, approved and adopted the magistrate's decision. The trial court's order was placed at the end of the magistrate's decision.
 {¶ 5} Wilmore timely filed this appeal. However, because the juvenile court's order did not constitute a final appealable order, this court issued a limited remand to the juvenile court. This court instructed the trial court to issue its own separate judgment entry that "independently resolves the issues submitted, specifically rules on the objections to the magistrate's decision, sets forth the court's ruling on Wilmore's motion for relief, and separately states the outcome of the matter and the remedy provided." See Juv. R. 40(D)(4)(D) and Juv. R. 40(D)(4)(E).
 {¶ 6} In compliance with the limited remand order, the juvenile court issued a final appealable order that overruled Wilmore's objections to the magistrate's decision; affirmed, approved and adopted the magistrate's decision; and dismissed Wilmore's motion for relief with prejudice as being barred by res judicata. In its judgment entry, the trial court found that Wilmore never appealed the previous decision in which he was found not to be the father of the child, but was held obligated on the support arrearages (Juvenile Court Case No. PR90771625). Because the matter had already been decided, the court found that Wilmore's motion for relief failed to state a claim upon which relief could be granted and dismissed the motion.
 {¶ 7} The matter is now properly before us for review. We proceed to address Wilmore's two assignments of error that provide as follows: *Page 5 
 {¶ 8} "I. Whether the trial court committed reversible error by failing to consider relief from judgment under R.C. 3119.961, et seq."
 {¶ 9} "II. Whether the trial court committed reversible error by failing to conduct an evidentiary hearing."
 {¶ 10} A trial court's decision in matters regarding child support is reviewed for abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion constitutes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} The Ohio Supreme Court has recognized that a juvenile court has continuing jurisdiction over all judgments that concern the duty of support or involve the welfare of a minor child. Cuyahoga SupportEnforcement Agency v. Guthrie, 84 Ohio St.3d 437, 444, 1999-Ohio-362
(construing former R.C. 3111.01 to R.C. 3111.19).[1] However, a change of circumstances must ordinarily exist in order for a trial court to exercise its continuing jurisdiction to modify an existing order for child support. See Miller v. Barker, 64 Ohio App.3d 649, 651; Kean v.Kean, Trumbull App. No. 2005-T-0079, 2006-Ohio-3222.
 {¶ 12} R.C. 3119.961 is a statutory provision that provides for the filing of a motion for relief from a paternity determination or child support order, *Page 6 
notwithstanding the provisions to the contrary in Civil Rule 60(B).[2]
R.C. 3119.962 requires the trial court to grant relief when certain conditions are met. As this court recognized in State ex rel. Lloyd v.Lovelady, Cuyahoga App. No. 83090, 2004-Ohio-3617, affirmed by108 Ohio St.3d 86, 2006-Ohio-161: "R.C. 3119.962 provides a court should grant relief when genetic tests support a finding excluding the male as the father. Additionally, the statute is retroactive by allowing a party to seek relief from a paternity determination `regardless of whether the judgment, order, or other determination from which relief is sought was issued prior to, on, or after October 27, 2000.' There is no statute of limitation by which a person must move for relief from a final paternity determination. Further, if the court grants the requested relief, R.C. 3119.964 vests the court with discretion to cancel any child support arrears." R.C. 3119.961 et seq. provides a substantive right to relief. Id.
 {¶ 13} In State ex rel. Lloyd v. Lovelady, 108 Ohio St.3d 86,2006-Ohio-161, the Ohio Supreme Court found that R.C. 3119.961 et seq. are constitutional. The court recognized that "R.C. 3119.961 et seq. were enacted to make it less likely that a person would be forced to support a child that is not his. * * * [I]t is clear to us that the General Assembly intended to create a substantive right to address potential injustice." Id. at 89. *Page 7 
 {¶ 14} In this case, Wilmore previously sought, and was granted, relief from the paternity determination and child support order in 2004. At that time, Wilmore apparently had obtained genetic testing results that would have enabled him to satisfy the grounds for relief set forth in R.C. 3119.962. In granting Wilmore relief, the juvenile court, in its discretion, declined to issue an order canceling the arrearage owed pursuant to R.C. 3119.964. Wilmore did not file an appeal from that judgment.
 {¶ 15} Wilmore now has filed another motion for relief under R.C. 3119.961 et seq. in an effort to have the arrearage canceled. However, pursuant to R.C. 3119.964, the child support arrearage was properly addressed in 2004 when Wilmore moved for relief upon the genetic test results. The circumstances upon which Wilmore was found not to be the biological father of the child for whom the support had been ordered have not changed. Further, it is well established that a motion for relief from judgment, or a motion to modify a support order, is not a proper substitute for a timely direct appeal. See Kean, supra.
 {¶ 16} For this same reason, Wilmore would not be entitled to obtain relief through the filing of a Civ. R. 60(B) motion for relief, which cannot be used as a substitute for a direct appeal. State ex rel. Braggv. Seidner, 92 Ohio St.3d 87, 2001-Ohio-152. Also, it does not appear he would be able to satisfy the grounds for relief thereunder. SeeGuthrie, 84 Ohio St.3d 437.
 {¶ 17} Insofar as the trial court dismissed the matter as barred by res judicata, it has been held that "where a party has previously moved to modify a child support obligation on the same basis as a previous motion and presents no new evidence on *Page 8 
how the circumstances were different, the motion is barred by operation of res judicata." Kean, supra, citing Petralia v. Petralia, Lake App. No. 2002-L-047, 2003-Ohio-3867. However, the affirmative defense of res judicata is waived if it is not raised in a responsive pleading.Jim's Steak House, Inc. v. Cleveland, 81 Ohio St.3d 18, 20-21,1998-Ohio-440. No responsive pleading was filed in this matter.
 {¶ 18} Nevertheless, we affirm the dismissal of the matter for the reasons stated above. Wilmore's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] We recognize that in Guthrie, the court found that an obligor should not be permitted to avoid an arrearage that exists as a result of his own inexcusable conduct. Id.
[2] We note that R.C. 3119.961 indicates that an action may be brought under that section, and we find nothing that would prohibit a trial court from filing a motion for relief under R.C. 3119.961 as a separate action. *Page 1