[Cite as *Wolkoff v. Bloom Bros. Supply, Inc.*, 2013-Ohio-2403.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LAURA O. WOLKOFF, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees/ | : | |
| Cross-Appellants, | : | **CASE NO. 2012-G-3092** |
| - vs - | : | |
| BLOOM BROTHERS SUPPLY, INC., | : | |
| Defendant-Appellant/ | : | |
| Cross-Appellee. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2011 CVF 00224.

Judgment: Reversed and remanded.

*David M. Dvorin,* 30195 Chagrin Boulevard, Suite 300, Pepperpike, OH 44124 (For Appellee/Cross-Appellant).

*Douglas E. Bloom*, Dubyak, Connick, Thompson & Bloom, L.L.C., 3401 Enterprise Parkway, #205, Cleveland, OH 44122 (For Appellant/Cross-Appellee).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant/cross-appellee, Bloom Brothers Supply, Inc., appeals the Judgment of the Chardon Municipal Court, finding for plaintiffs-appellees/cross-appellants, Laura O. and Daniel A. Wolkoff, in the amount of $5,573.96 in an action for breach of contract/violation of Ohio's Consumer Sales Practices Act. The issues before this court are: whether a magistrate may modify a prior magistrate's decision before the trial court has ruled on objections to the prior decision; whether a "negligent misrepresentation" may constitute a fraudulent misrepresentation under the Consumer

Sales Practices Act; whether a "negligent misrepresentation" supports an award of treble damages under the Consumer Sales Practices Act; and whether a trial court may deny attorney's fees/noneconomic damages after it has found that a "supplier," as defined by the Consumer Sales Practices Act, has knowingly committed a deceptive act. For the following reasons, we reverse the decision of the court below.

{¶2} On February 18, 2011, the Wolkoffs filed a Complaint against Bloom Brothers in the Chardon Municipal Court, alleging breach of contract, fraudulent and/or negligent misrepresentation, and the violation of Ohio's Consumer Sales Practices Act. The Wolkoffs sought $1,393.49 in actual damages, $5,000.00 in noneconomic damages, and attorney's fees.

{¶3} On November 4, 2011, the case was tried before Magistrate Bond. The following testimony was given:

{¶4} Daniel Wolkoff testified that in October 2007, he purchased a LG washer and dryer from Bloom Brothers Supply, and that Shannon Black was the sales representative. The Wolkoffs were dissatisfied with the washer because of how the machine vibrated when in operation. During the next couple of years, the Wolkoffs attempted to address the problem through various expedients, such as vibration pads.

{¶5} On January 9, 2010, the Wolkoffs returned to Bloom Brothers Supply. Black advised them that there have been issues with LG washers and that some have been sent back. Black proposed that the Wolkoffs find another machine and that they could receive a credit for the LG washer. On Black's recommendation, the Wolkoffs chose an Electrolux "antivibration" washer. According to Daniel's testimony, Black stated "there should be no problem returning [the LG washer] to LG and getting a credit and * * * we can get a new machine."

2

{¶6} Daniel Wolkoff testified that the purchase of the Electrolux washer was "contingent" on receiving the credit for the LG washer. On this issue, Daniel spoke directly with the store owner, Bob Bloom:

> {¶7} I approached Bob and introduced myself and told him the issues we were having. And I said: Bob, I want to make something very clear to you. I have no intention of owning two washing machines. That, I'm happy to buy the new one that Shannon has shown us, the Electrolux but, you know, in the end * * * we need to * * * have the other machine refunded and credited * * * to us. And Bob said: You know, we do a lot of volume with LG. We're a good supplier for them and * * * we should have no issue with getting a credit back from them. I said: Fine. If that's the case, then clearly, * * * you will mark that on the receipt and say that we'll get a credit and [Bob] instructed Shannon to do so.

{¶8} A Bloom Brothers invoice for the sale of an Electrolux washer, dated January 9, 2010, was introduced into evidence. On the invoice was written: "Return LG to store for credit from LG."

{¶9} Daniel Wolkoff testified that the Electrolux washer was delivered after about a week and the LG washer was picked up, but no credit was ever issued.

{¶10} Laura Wolkoff affirmed her husband's testimony that they were assured of a credit for the return of the LG washer and that they insisted on having it in writing. Laura testified that she called Bloom Brothers every four to six weeks after receiving the Electrolux, inquiring about the credit. Laura testified that Black continually made

excuses as to why the credit had not issued. When Laura contacted Bloom about the matter, she testified he hung up on her.

**{¶11}** Shannon Black testified on behalf of Bloom Brothers. He denied that the Wolkoffs were promised full credit for the return of the LG washer. He testified that the LG washer's one-year warranty had expired by the time it was returned and he could not guarantee a credit from the manufacturer.

**{¶12}** Black testified that he told the Wolkoffs that he would "try" to get them a credit from LG. According to Black: "The machine was to be brought back to Bloom Brothers because they didn't have any place to store it and that if I could not get a credit from LG, that she would like it donated or kept safe for, probably give to a friend of hers." Black admitted that he wrote the note on the Electrolux invoice but explained that it was intended for delivery drivers, so that they would know to return the LG washer to the store rather than have it scrapped. Black pointed out that the LG invoice from 2007 had a similar note on it intended for the delivery driver: "Wed. 10/31 first stop ASAP."

**{¶13}** Black further testified that he called the Wolkoffs after LG refused to issue a credit.

**{¶14}** On December 2, 2011, Magistrate Bond issued a Magistrate's Decision, recommending that "the plaintiffs take nothing" and "that the action be dismissed on the merits."

**{¶15}** On December 9, 2011, the Wolkoffs filed a Request for Findings of Fact and Conclusions of Law. Magistrate Bond ordered the parties to "submit proposed findings of fact and conclusions of law to the court for its consideration."

**{¶16}** On December 30, 2011, Magistrate Bond adopted the Bloom Brothers' Proposed Findings of Fact and Conclusions of Law.

4

{¶17} On January 13, 2012, the Wolkoffs filed Objections to the Magistrate's Decision. The Wolkoffs did not provide a transcript of the proceedings before Magistrate Bond, although they claimed a transcript or affidavit of the evidence would be forthcoming.

{¶18} On January 19, 2012, Magistrate D'Angelo of the Chardon Municipal Court issued a Magistrate's decision, recommending that the prior Magistrate's Decision be vacated, and that the Wolkoffs be awarded compensatory damages in the amount of $1,393.49 and the amount of $4,180.47 for treble damages under the Consumer Sales Practices Act. Magistrate D'Angelo found:

{¶19} While the evidence does not clearly establish the intentional misrepresentation of the Defendant in promising a credit to the Plaintiffs from the manufacturer, it does clearly establish negligent misrepresentation bordering on recklessness. At trial, the testimony of Defendant attempted to parse the language written on the receipt to imply that it was incomplete and did not mean a full refund, just instructions to the truck driver. This Magistrate finds such testimony disingenuous at best, in light of the written and testimonial evidence provided at trial. The representation made by Defendant to the Plaintiffs was false and constitutes a deceptive or unconscionable act under the CSPA, entitling the Plaintiffs to triple damages as set forth in Section 1345.09(B).

{¶20} On January 24, 2012, Bloom Brothers filed a Motion to Set Aside Magistrate's Decision.

{¶21} On January 28, 2012, Bloom Brothers filed Objections to Magistrate D'Angelo's Decision.

{¶22} On February 7, 2012, the municipal court issued a Judgment, overruling Bloom Brothers' Objections, adopting the January 19, 2012 Magistrate's Decision, and vacating the December 30, 2011 Magistrate's Decision.

{¶23} On March 15, 2012, a hearing was held before a municipal court magistrate on the issues of noneconomic damages and attorney's fees under R.C. 1345.09(F).

{¶24} On May 10, 2012, a Magistrate's Decision was issued denying the Wolkoffs noneconomic damages and attorney's fees. The magistrate found:

{¶25} Plaintiffs have not established a basis for an award of non-economic damages in this case. They utilized the old washing machine for 2 years before returning it to Defendant. Any inconvenience thereafter was incidental and minor. The damage award previously made constitutes substantial compensation to the Plaintiffs.

{¶26} In addition, the Plaintiffs have not demonstrated that the Defendant "knowingly" committed the act upon which they have been found liable. From the hearing held as to damages, it appears, at best, that the Defendant was careless or sloppy with the information they placed upon the invoice in regards to the "refund" they would pursue for the Plaintiffs. It does not appear that the misrepresentation on the invoice was made with the intent to deceive as is required by §1345.09(F).

6

{¶27} On June 4, 2012, the Wolkoffs filed Objections to the Magistrate's Decision dated May 10, 2012.

{¶28} On June 7, 2012, the municipal court issued a Judgment, overruling the Wolkoffs' Objections and adopting the May 10, 2012 Magistrate's Decision.

{¶29} On July 5, 2012, Bloom Brothers filed its Notice of Appeal. On appeal, Bloom Brothers raises the following assignment of error: "The trial court erred and abused its discretion in deciding that Magistrate D'Angelo properly determined the factual issues and appropriately applied the law, and render[ing] judgment for the Plaintiffs and against Defendant in the amount of $1,393.49 for compensatory damages and the amount of $4,180.47 for treble damages for a total of $5,573.96."

{¶30} On July 13, 2012, the Wolkoffs filed a Notice of Appeal. On cross-appeal, the Wolkoffs raise the following assignment of error: "The trial court abused its discretion by not awarding the Wolkoffs their attorney's fees and non-economic damages."

{¶31} "A magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Civ.R. 53(D)(4)(b). Where objections are filed, "the court shall rule on those objections." Civ.R. 53(D)(4)(d). "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Id.*

{¶32} In contrast to the trial court's de novo review of the magistrate's decision, a court of appeals reviews the lower court's adoption of the magistrate's decision under

an abuse of discretion standard. *Cronin v. Cronin*, 11th Dist. No. 2011-L-134, 2012-Ohio-5592, ¶ 25. This court has described an abuse of discretion as a judgment "which does not comport with reason or the record," and as one in which the court failed "to exercise sound, reasonable, and legal decision-making." (Citations omitted.) *In re Beynenson*, 11th Dist. No. 2012-G-3066, 2013-Ohio-341, ¶ 12.

**{¶33}** In its sole assignment of error, Bloom Brothers raises several distinct arguments. The first argument is dispositive of this appeal.

**{¶34}** Bloom Brothers argues in the first instance that the municipal court abused its discretion by adopting Magistrate D'Angelo's Decision, since Magistrate D'Angelo lacked authority to reverse Magistrate Bond's Decision and Magistrate Bond, as the trier of fact, was in the best position to decide the case on the merits. We agree.

**{¶35}** Bloom Brothers does not dispute that Magistrate D'Angelo is a duly appointed magistrate of the municipal court with authority over the present matter. Rather, Bloom Brothers argues that Magistrate D'Angelo exceeded his authority by ruling on objections and reversing the decision of the prior magistrate, which actions are not authorized by Civil Rule 53.

**{¶36}** Bloom Brothers is correct that a magistrate does not have authority to rule on objections to a magistrate's decision. As this court has observed, "[t]he civil rules clearly prohibit the magistrate from ruling on objections." *Kean v. Kean*, 11th Dist. No. 2005-T-0079, 2006-Ohio-3222, ¶ 2, fn. 2. "If the magistrate entertains objections and modifies his decision accordingly, he is effectively ruling on parties' objections," in violation of Civil Rule 53(D)(4)(d) ("the court shall rule on * * * objections"). *Id.*

**{¶37}** The January 19, 2012 Magistrate's Decision (D'Angelo's) explicitly states that "[t]his matter came on for consideration upon Plaintiff's Objection to the

8

Magistrate's Decision filed on or about January 13, 2012." This action is contrary to the mandate of Civil Rule 53(D)(4)(d) and this court's pronouncement in *Cronin*, i.e., that a magistrate is without authority to rule on objections. Accordingly, this matter must be remanded for the municipal court to rule on the Wolkoffs' Objections to the Magistrate's Decision (Bond's).

**{¶38}** We note that the Wolkoffs failed to provide a transcript with their Objections, as required by Civil Rule 53(D)(3)(b)(iii). This court has held that, "[i]f an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *King v. King*, 11th Dist. Nos. 2012-G-3068 and 2012-G-3079, 2013-Ohio-2038, ¶ 28. Unless the Wolkoffs can demonstrate compliance with the requirement to support their objections to Magistrate Bond's factual findings, the municipal court is limited in its review of the Magistrate's Decision to errors of law.

**{¶39}** For the foregoing reasons, the June 7, 2012 Judgment of the Chardon Municipal Court is reversed. The cause is remanded with instructions for the municipal court to resume proceedings at the point following the Wolkoffs filing their Objections to the Magistrate's Decision (Bond's). Costs to be taxed against the appellees/cross-appellants.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

9