[Cite as *Wolkoff v. Bloom Bros. Supply, Inc.*, 2014-Ohio-1567.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LAURA O. WOLKOFF, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-G-3160** |
| BLOOM BROTHERS SUPPLY, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2011 CVF 224.

Judgment: Reversed and remanded.

*David M. Dvorin,* 30195 Chagrin Boulevard, Suite 300, Pepper Pike, OH 44124 (For Plaintiffs-Appellants).

*Douglas E. Bloom,* Dubyak, Connick, Thompson & Bloom, L.L.C., 3401 Enterprise Parkway, #205, Cleveland, OH 44122 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Laura O. Wolkoff and Daniel Wolkoff, appeal the Judgment of the Chardon Municipal Court, adopting, as the Order of the court, Magistrate Bond's Decision of December 30, 2011. The issue before this court is whether a party may obtain leave to file a transcript in support of objections to a magistrate's decision, after an appeal has been taken from that decision. For the following reasons, we reverse the decision of the court below and remand this case for further proceedings.

{¶2} On February 18, 2011, the Wolkoffs filed a Complaint against defendant-appellee, Bloom Brothers Supply, Inc., in the Chardon Municipal Court, alleging breach of contract, fraudulent and/or negligent misrepresentation, and the violation of Ohio's Consumer Sales Practices Act. On November 4, 2011, the case was tried before Magistrate Bond.

{¶3} On December 2, 2011, Magistrate Bond issued a Magistrate's Decision, recommending that "the plaintiffs take nothing" and "that the action be dismissed on the merits."

{¶4} On December 9, 2011, the Wolkoffs filed a Request for Findings of Fact and Conclusions of Law. Magistrate Bond ordered the parties to "submit proposed findings of fact and conclusions of law to the court for its consideration."

{¶5} On December 30, 2011, Magistrate Bond adopted the Bloom Brothers' Proposed Findings of Fact and Conclusions of Law.

{¶6} On January 13, 2012, the Wolkoffs filed Objections to the Magistrate's Decision. The Wolkoffs did not provide a transcript of the proceedings before Magistrate Bond, although they claimed a transcript or affidavit of the evidence would be forthcoming.

{¶7} On January 19, 2012, Magistrate D'Angelo of the Chardon Municipal Court issued a Magistrate's Decision, recommending that the prior Magistrate's Decision be vacated, and that the Wolkoffs be awarded compensatory damages in the amount of $1,393.49 and the amount of $4,180.47 for treble damages under the Consumer Sales Practices Act.

{¶8} On January 24, 2012, Bloom Brothers filed a Motion to Set Aside Magistrate's Decision.

{¶9} On January 28, 2012, Bloom Brothers filed Objections to Magistrate D'Angelo's Decision.

{¶10} On February 7, 2012, the municipal court issued a Judgment, overruling Bloom Brothers' Objections, adopting the January 19, 2012 Magistrate's Decision, and vacating the December 30, 2011 Magistrate's Decision.

{¶11} Bloom Brothers appealed the municipal court's Judgment, adopting Magistrate D'Angelo's Decision and vacating Magistrate Bond's Decision.

{¶12} On June 10, 2013, this court issued its decision in *Wolkoff v. Bloom Bros. Supply, Inc.*, 11th Dist. Geauga No. 2012-G-3092, 2013-Ohio-2403. This court reversed the decision of the municipal court, and held that Magistrate D'Angelo exceeded his authority by ruling on objections and vacating Magistrate Bond's Decision. *Id.* at ¶ 36. Accordingly, we remanded the case "with instructions for the municipal court to resume proceedings at the point following the Wolkoffs filing their Objections to the Magistrate's Decision (Bond's)." *Id.* at ¶ 39. This court further noted the following:

> [T]he Wolkoffs failed to provide a transcript with their Objections, as required by Civil Rule 53(D)(3)(b)(iii). This court has held that, "[i]f an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *King v. King*, 11th Dist. Nos. 2012-G-3068 and 2012-G-3079, 2013-Ohio-2038, ¶ 28. Unless the Wolkoffs can demonstrate compliance with the requirement to support their objections to Magistrate Bond's factual findings, the municipal court is limited in its review of the Magistrate's Decision to errors of law.

*Id.* at ¶ 38.

3

{¶13} On July 29, 2013, the Wolkoffs filed a Motion for Leave to File a Transcript and Motion for a Hearing.

{¶14} On August 14, 2013, the municipal court issued a Judgment, overruling the Wolkoffs' Objections to Magistrate Bond's Decision. In so ruling, the court stated:

Although Plaintiffs indicated a transcript or affidavit of evidence would be forthcoming, no transcript of the proceedings was timely filed, nor was any written request to extend time to do so filed by the Plaintiffs. The Court notes that a transcript of proceedings was filed on September 6, 2012, nearly nine months after the objections were filed.

Due to this fact, this Court has no choice but to overrule and deny the Plaintiff's [sic] objections as, upon review, the Court cannot determine that any error of law exists in the Magistrate's Decision. Given this, Magistrate Bond's Decision of December 30, 2011 is hereby made an Order of this Court.

{¶15} On September 11, 2013, the Wolkoffs filed a Motion for Relief from Judgment.

{¶16} On September 12, 2013, the Wolkoffs filed a Notice of Appeal from the August 14, 2013 Judgment.

{¶17} On September 18, 2013, the municipal court issued an Order, denying the Wolkoffs' Motion for Relief from Judgment as moot, "as an appeal has been filed by Plaintiff's counsel on September 12, 2013."

{¶18} On appeal, the Wolkoffs raise the following assignments of error:

{¶19} "[1.] The Trial Court abused its discretion when it interpreted this Court's dicta to mean that it had 'no choice' but to solely determine whether Magistrate Bond's

4

decision contained an error of law and by not making an independent analysis as to whether Magistrate Bond properly determined the factual issues and appropriately applied the law."

{¶20} "[2.] The Trial Court abused its discretion by denying the Wolkoffs' Motion for Relief from the Judgment that adopted Magistrate Bond's decision."

{¶21} We first address the second assignment of error, as this court is without jurisdiction to review the Order denying the Motion for Relief from Judgment.

{¶22} "A party shall file the notice of appeal * * * within thirty days * * * of the judgment or order appealed * * *." App.R. 4(A). "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate * * *." App.R. 3(A). "Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal." *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus.

{¶23} In the present case, the Wolkoffs did not file a notice of appeal within thirty days of the September 18, 2013 Order, or otherwise move this court to amend the September 12, 2013 Notice of Appeal pursuant to Appellate Rule 3(F). Accordingly, we may not consider the arguments raised in the second assignment of error. *Wells Fargo Bank, N.A. v. Griffitts*, 6th Dist. Huron No. H-12-027, 2013-Ohio-3472, ¶ 7-9; *Deutsche Bank Natl. Trust Co. v. Doucet*, 10th Dist. Franklin No. 07AP-453, 2008-Ohio-589, ¶ 5.

{¶24} The second assignment of error is without merit.

{¶25} Under the first assignment of error, the Wolkoffs argue the municipal court misinterpreted the language in this court's June 10, 2013 Opinion, that, "[u]nless the Wolkoffs can demonstrate compliance with the requirement to support their objections

5

to Magistrate Bond's factual findings, the municipal court is limited in its review of the Magistrate's Decision to errors of law." *Wolkoff*, 2013-Ohio-2403, at ¶ 38. As understood by the Wolkoffs, this language "provides that the Wolkoffs were allowed an opportunity to demonstrate compliance with the requirement to support their objections to Magistrate Bond's factual findings." Brief of appellants, at 7.

**{¶26}** In this court's prior decision, we remanded the case "with instructions for the municipal court to resume proceedings at the point following the Wolkoffs filing their Objections to the Magistrate's Decision (Bond's)," i.e., after January 13, 2012. *Wolkoff* at ¶ 39. In their Objections, the Wolkoffs noted that: "In accordance with Civ.R. 53(D)(2)(b)(iii) [sic], Plaintiffs will file a transcript of the proceedings or an affidavit within 30 days after the filing of these objections."

**{¶27}** At this point, the Wolkoffs had thirty days in which to support their Objections by filing the transcript. Civ.R. 53(D)(3)(b)(iii). Prior to the expiration of this thirty-day period, on January 19, 2012, Magistrate D'Angelo considered the objections and vacated Magistrate Bond's Decision. Thereafter, the Wolkoffs' Objections were no longer pending.

**{¶28}** On January 28, 2012, Bloom Brothers filed Objections to Magistrate D'Angelo's Decision and, thus, were entitled to thirty days in which to file a transcript. Prior to the expiration of this thirty-day period, on February 7, 2012, the municipal court overruled Bloom Brothers' Objections and adopted Magistrate D'Angelo's Decision.

**{¶29}** This court has held it to be reversible error when a trial court rules on objections prior to the expiration of the thirty-day period for filing a transcript of the proceedings. *DeFrank-Jenne v. Pruitt*, 11th Dist. Lake No. 2008-L-156, 2009-Ohio-

6

1438, ¶ 14-15; *Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶ 19.

{¶30} As neither party was afforded a full thirty days to file a transcript, and as a transcript has been filed and is currently part of the record in this case, we again reverse the decision of the municipal court and remand this matter with instructions for the municipal court to resume proceedings at the point following the Wolkoffs filing their Objections to Magistrate Bond's Decision. The court is further instructed that it should consider the transcript as if timely filed.

{¶31} The first assignment of error is with merit.

{¶32} For the foregoing reasons, the Judgment of the Chardon Municipal Court, adopting, as the Order of the court, Magistrate Bond's Decision of December 30, 2011, is reversed and this case is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.