[Cite as *Ashtabula Metro. Hous. Auth. v. Alexander*, 2023-Ohio-4607.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ASHTABULA METROPOLITAN HOUSING AUTHORITY,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>VIOLA ALEXANDER,<br><br>Defendant-Appellant. | **CASE NOS. 2023-A-0037**<br>**2023-A-0038**<br><br>Civil Appeals from the<br>Municipal Court<br><br><br>Trial Court Nos. 2023 CVG 00198<br>2023 CVG 00290 |

**O P I N I O N**

Decided: December 18, 2023
Judgment: Reversed and remanded

*Daniel J. Rudary*, Brennan, Manna & Diamond, LLC, 75 East Market Street, Akron, OH 44308 (For Plaintiff-Appellee).

*Luke S. Condon* and *Elizabeth A. Zak*, The Legal Aid Society of Cleveland, 1223 West 6th Street, Cleveland, OH 44113 (For Defendant-Appellant).


JOHN J. EKLUND, P.J.

{¶1} Appellant, Viola Alexander, appeals the judgment of the Ashtabula Municipal Court granting forcible entry and detainer in favor of appellee, the Ashtabula Metropolitan Housing Authority. Appellant has raised four assignments of error arguing the following: (1) the trial court's decision to issue an eviction was not supported by the manifest weight of the evidence; (2) the evidence did not support finding appellant engaged in drug related criminal activity in violation of her tenancy; (3) the trial court erred by finding appellee had not waived its right to evict appellant when appellee recertified

appellant's Section 8 federal subsidy following the alleged breach; and (4) the trial court lacked subject matter jurisdiction over the action because appellee accepted appellant's rent payments after appellee initiated the forcible entry and detainer action.

{¶2} Having reviewed the record and the applicable caselaw, the trial court issued its judgment entry overruling appellant's objections to the magistrate's decision after only 11 days and without the benefit of reviewing the transcript, which appellant subsequently filed within 30 days of her objections to the magistrate's decision. Thus, the trial court failed to afford appellant 30 days to file a transcript pursuant to Civ.R. 53(D)(3)(b)(iii) and consequently failed to conduct an independent review of the magistrate's decision in violation of Civ.R. 53(D)(4)(d).

{¶3} Therefore, we reverse the judgment of the Ashtabula Municipal Court and remand for the trial court to conduct an independent review of the magistrate's decision pursuant to Civ.R. 53(D)(4)(d).

## Substantive and Procedural History

{¶4} Appellant lives at a public housing complex owned by appellee. Appellee is a public housing authority subject to federal regulations.

{¶5} On March 28, 2023, appellee filed a complaint for forcible entry and detainer in the Ashtabula Municipal Court. Appellee claimed that appellant had engaged in illegal drug activity in her unit based solely on a chemical swab test on appellant's bathroom air intake vent which indicated the presence of methamphetamine, but which neither the magistrate nor any other Ohio court (so far as we have found) has declared reliable. The court, through a magistrate, held hearings on May 1, 2023, and June 12, 2023.

2

{¶6} Appellant raised two legal issues at the May 1 hearing: first arguing that appellee waived its right to evict appellant by recertifying appellant's Section 8 federal subsidy for her lease; and second that appellee waived its right to evict appellant by accepting April's rent payment after issuing the three-day notice. The magistrate requested additional briefing on the issues raised during trial.

{¶7} On May 2, 2023, appellee filed a Civ.R. 41(A)(1)(a) voluntary dismissal.

{¶8} On May 3, 2023, appellee served a second three-day notice on appellant.

{¶9} On May 12, 2023, appellee filed a second forcible entry and detainer action against appellant based on the March 8 inspection. On May 31, 2023, appellant filed a motion to strike and motion to consolidate the cases, arguing that as a trial on the merits had already been held, appellee did not have the authority to unilaterally dismiss.

{¶10} Accordingly, the magistrate consolidated the cases and held a hearing on June 12 based on the issuance of the second three-day notice. After the June 12 hearing, the magistrate found that appellant was in breach of her lease and ordered restitution to the premises in favor of appellee.

{¶11} On June 26, 2023, appellant filed objections to the magistrate's decision and appellee opposed. On July 7, 2023, the trial court overruled appellant's objections to the magistrate's decision. The court referred to an email from appellant's trial counsel requesting an audio recording of the proceedings. However, the court said that no transcript had yet been filed.

{¶12} On July 10, 2023, appellant filed a copy of the transcript with the trial court and filed a notice of appeal with this court.

Case Nos. 2023-A-0037, 2023-A-0038

**Assignments of Error and Analysis**

{¶13} Appellant's assignments of error state:

{¶14} "[1.] The trial court erred when it found that Plaintiff/Appellee met its burden of proof to sustain an eviction."

{¶15} "[2.] The trial court erred when it found Defendant/Appellant breached her lease by participating in drug-related criminal activity."

{¶16} "[3.] The trial court erred in granting restitution of the premises to Plaintiff/Appellee by finding Plaintiff/Appellee had not waived its right to evict Defendant/Appellant when it recertified Defendant's/Appellant's federal subsidy for the next year, following the alleged breach."

{¶17} "[4.] The trial court erred in granting restitution of the premises to Plaintiff/Appellee because the trial court lacked subject matter jurisdiction over the forcible entry and detainer action, based on Plaintiff's/Appellee's acceptance of Defendant's/Appellant's rent after Plaintiff/Appellee had served jurisdictional R.C. 1934.04 notice."

{¶18} Appellee first argues, alternatively, that appellant failed to file the transcripts of the May 1 and June 12 hearings and thus waived any challenges to the magistrate's factual findings, so that appellant's first two assignments of error are "red herrings." In her reply brief, appellant argues that she complied with Civ.R. 53(D)(3)(b)(iii), which requires a party to file a transcript to support an objection to a magistrate's decision within 30 days. Appellant notes that she filed timely objections to the magistrate's decision and that the trial court did not afford her 30 days to file the transcripts of the hearings. Instead, the trial court adopted the magistrate's decision without the benefit of the transcript 11 days after

4

appellant filed her objections. Appellant ultimately filed the transcript with the trial court on July 10, 14 days after filing her objections.

{¶19} Appellee then contends that if the adequacy of its evidence is reviewed under the law, it plainly sufficed to sustain the court's finding appellant in breach and to order eviction. Both parties devote much of their briefing to debating this issue, the questions it raises and how they would have us resolve them. These questions present a series of close calls of both law and fact, but we feel constrained not to render judgment on them at this time. It is plain from the record that the trial court failed to afford appellant 30 days to file the transcripts of the magistrate's hearing before overruling appellant's objections to the magistrate's decision. These circumstances inherently constrain our ability to evaluate the court's judgment thoroughly. While appellant has not raised this failure as an assigned error, it is plain error and is determinative of this appeal. *Lincoln v. Rush Expediting, Inc.,* 2nd Dist. Montgomery No. 23847, 2010-Ohio-5286, ¶ 13 ("The error the trial court committed [is] a classic 'Catch 22' dilemma. It affects the basic fairness of the proceeding in which his claim for relief was adjudicated adversely to him. Therefore, we find that the error is plain error, and we will reverse the final judgment * * *.").

{¶20} Civ.R. 53(D)(3)(b) provides for objections to magistrate's decisions within 14 days of the decision. The rule requires that the objection:

> shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

5

{¶21} Civ.R. 53(D)(4)(d) requires that a trial court "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "A trial judge who fails to undertake a thorough independent review of the [magistrate's] report violates the letter and spirit of Civ.R. 53, and we caution against the practice of adopting [magistrate's] reports as a matter of course, especially where a [magistrate] has presided over an entire trial." *Hartt v. Munobe*, 67 Ohio St.3d 3, 6, 615 N.E.2d 617 (1993).

{¶22} "[W]ithout the aid of a transcript," a trial court cannot conduct an independent review of documentation and testimony. *Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶ 16. A failure to conduct an independent review pursuant to Civ.R. 53(D)(4)(d) renders the "trial court's adoption of the magistrate's decision * * * defective as a matter of law." *Id.*, citing *In re B.D.,* 11th Dist. Nos. 2009-L-003 and 2009-L-007, 2009-Ohio-2299, ¶ 79. Where a trial court rules on a party's objections prematurely, this also deprives the party of the opportunity to seek leave to supplement the objections based on the transcript. *Id.* at ¶ 17, citing Civ.R. 53(D)(3)(b)(iii).

{¶23} The failure to allow the party 30 days "in which to obtain and file a transcript of the hearing in violation of Civ.R. 53(D)(3)(b)(iii) * * * is reversible error." *Id.* at ¶ 19, citing *DeFrank-Jenne v. Pruitt,* 11th Dist. No. 2008-L-156, 2009-Ohio-1438, ¶ 14-15; E.g., *Lincoln v. Rush Expediting, Inc.,* 2d Dist. No. 23847, 2010-Ohio-5286, ¶ 9. This is the case even where after the trial court's premature ruling, the transcript has been filed and is part of the record. *Wolkoff v. Bloom Bros. Supply,* 11th Dist. Geauga No. 2013-G-3160, 2014-Ohio-1567, ¶ 29-30.

Case Nos. 2023-A-0037, 2023-A-0038

**{¶24}** Here, the trial court's judgment entry stated that the court had "carefully considered" appellant's objections to the magistrate's decision and motion to stay as well as appellee's briefs in opposition. The court did not indicate that it had considered any other materials or audio recording of the hearings. The trial court further said that it "takes notice that although Defendant states in the body of the Objections that 'Ms. Alexander has requested a transcript of the hearing held by the Magistrate', the docket does not reflect that this has been done. See attached email." The attached email was an email chain from appellant's counsel requesting an audio recording of the hearings and a response with audio files attached.

**{¶25}** We note that the magistrate observed that this case raised unique factual and legal issues. While not determinative of our decision, this only heightens the trial court's duty to conduct an independent review of appellant's objections to ensure the magistrate has properly determined the factual issues and appropriately applied the law. We therefore find that the trial court committed plain error in overruling appellant's objections to the magistrate's decision where the record is devoid of any indication that the trial court engaged in an independent review, particularly where the trial court was aware that an audio recording had been requested. *See Edwards v. Jenkins,* 8th Dist. Cuyahoga No. 111978, 2023-Ohio-2952, ¶ 18; *Lincoln v. Rush Expediting, Inc.,* 2nd Dist. Montgomery No. 23847, 2010-Ohio-5286, ¶ 13.

**{¶26}** For the foregoing reasons, the judgment of the Ashtabula Municipal Court is reversed, and the matter remanded for the trial court to comply with Civ.R. 53(D)(4)(d). The trial court is instructed to issue a new ruling on appellant's objections based on the trial court's independent review of the record, which was not afforded to appellant in the

7

court's July 7, 2023 judgment entry overruling appellant's objections to the magistrate's decision.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

8