[Cite as *State v. Reed*, **2011-Ohio-6304.**]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                     :           C.A. CASE NO.    2011 CA 3

v.                                                      :           T.C. NO.    78CR86

JEFF REED                                         :           (Criminal appeal from
                                                                    Common Pleas Court)
     Defendant-Appellant              :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___9th___ day of ___December___, 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

JEFF REED, #A152241, Belmont Correctional Institute, P. O. Box 540, 68518 Bannock Rd., St. Clairsville, Ohio 43950
     Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the pro se Notice of Appeal of Jeff Reed, filed February 1, 2011.  Reed appeals from the January 14, 2011, denial of the following three pro se motions filed on December 13, 2010:  his  "Motion for Resentencing DE NOVO REVIEW," his "Motion to proceed in Forma Pauperis under the Savings Clause as

proceding (sic) indigent in 1978," and his "Motion for Appointment of Counsel" (hereinafter, "December 13th motions").

{¶ 2}  Reed has been in prison for over 33 years, having pled guilty on July 24, 1978, pursuant to a negotiated plea agreement, to aggravated murder with one specification and felonious assault.   In exchange, the State dismissed seven other charges.   Reed was sentenced to life imprisonment on the aggravated murder charge and to five to fifteen years for felonious assault, to be served consecutively.   No direct appeal was taken by Reed from his conviction and sentence.

{¶ 3}  Reed's December 13th motions were addressed to his conviction and sentence.   In his motion addressed to resentencing, he argued that the plea form was vague, in that the form did not indicate the specific sub-section of R.C. 2903.01 to which Reed's aggravated murder plea was entered.   Reed further asserted that the requisite actus reus and mens rea for aggravated murder were not established, and that at the time of the offense, Reed was experiencing a "convulsive violent seizure." Reed asserted that the evidence did not "justify" his plea and the court should not have accepted it.   According to Reed, he is not guilty of aggravated murder, and "negligent homicide is all that is available in relation to the facts (evidence) and law."   Reed further asserted that his sentence was contrary to law and void, and that he is entitled to resentencing.   Reed asserted that the trial court improperly destroyed the transcript of his plea hearing and deprived him of evidence, and he asserted that he was denied due process.   Finally, Reed sought indigent status and the appointment of counsel.

{¶ 4}  By way of background, we note that in 1996, Reed filed a petition for post-conviction relief, which the trial court overruled.   This decision was not appealed by Reed.   In 1998, Reed filed a motion with this Court seeking a delayed merit appeal of his conviction and sentence, and this Court denied his request for a delayed appeal.   In 2001,

Reed filed a motion in the trial court seeking to withdraw his guilty plea, asserting that his guilty plea proceedings did not comply with Crim.R. 11(C), and further asserting "actual innocence." The trial court denied the motion, determining that the proceedings complied with Crim.R. 11, and that the issue was barred by res judicata. The court further observed that Reed pled guilty and waited 22 years after entering his plea before asserting his innocence, and it concluded that Reed's undue delay "militated against a finding that [Reed] is innocent." *State v. Reed* (October 5, 2001), Clark App. No. 01CA0028.

{¶ 5}   In 2002, Reed filed another petition for post-conviction relief, which the trial court dismissed for lack of jurisdiction. This Court affirmed the decision of the trial court. *State v. Reed*, Clark App. No. 03-CA-0004, 2003-Ohio-4848.

{¶ 6}   Reed herein has filed an "Initial Brief," in which he asserts five assignments of error, a "Supplemental Brief to the Initial Brief," in which he asserts a sixth assignment of error, a "Second Supplemental Brief to the Initial Brief," in which he asserts a seventh assignment of error, a "Response to Appellee Reply Brief," and a "Supplemental Brief of Appellant in Response to Appellee * * * Brief."

{¶ 7}   In his first assigned error, Reed argues that the trial court "failed to make any facts findings and conclusion of law" (sic) when it overruled his motions. In his second assigned error, Reed asserts that, since the State did not oppose his December 13th motions, the State "waived their right to respond and the trial court abused its discretion in overruling defendant's motion de novo." Reed argues in his third assignment of error that "the plea petition and journal entry are vague, not distinguishable/comprehensible, contrary to law, illegal as to the contract principles, cannot be waived and is void." Reed's fourth assignment of error asserts that the trial court exceeded its authority in sentencing Reed and that his sentence is void. In his fifth assigned error, Reed argues that the record of a previous evaluation of Reed's competency to stand trial establishes that Reed lacked the

requisite mens rea for aggravated murder. In his sixth assignment of error, Reed contests the designations in the trial court's Docket Sheet of his December 13th motions as "Post-Conviction" motions. According to Reed, "it was not a post conviction filing and * * * the court cannot bring cost against me for filing post conviction, and * * * the matter should be treated De Novo."[1] Finally, in his seventh assignment of error, Reed argues that "by not allowing the De Novo resentencing the trial court has deprived the Appellant to (sic) an adequate remedy at law."

{¶ 8} As this court previously noted in our Decision of October 5, 2001, cited above, Reed's "counseled plea of guilty to the charge of aggravated murder was an admission of his factual guilt of that crime so complete and reliable that it removes the issue of factual guilt from the case." As a result of his guilty plea, Reed is "precluded from later arguing that the evidence the State possessed was insufficient to support his conviction for aggravated murder." Id. Further, since Reed could have raised certain issues asserted in his December 13th motions in a timely direct appeal or in his previous motions, they are barred by the doctrine of res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175,180. ("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating, in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.")

{¶ 9} For the forgoing reasons, the trial court properly overruled Reed's December 13th motions, and the judgment of the trial court is affirmed.

. . . . . . . . . .

---

[1] The record does not reflect that Reed was assessed costs for the December 13th motions.

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Andrew R. Picek
Jeff Reed
Hon. Douglas M. Rastatter