THE STATE EX REL. ERVIN, APPELLANT, *v.* BARKER, JUDGE, APPELLEE.

[Cite as *State ex rel. Ervin v. Barker,* 136 Ohio St.3d 160, 2013-Ohio-3171.]

*Mandamus—Granting of motion for videotaping of deposition by acting administrative judge rather than assigned judge without showing that assigned judge was unavailable does not render order void—Petitioner had adequate remedy via appeal—Writ denied.*

(No. 2013-0331—Submitted July 9, 2013—Decided July 25, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 98704, 2013-Ohio-376.

_____

**Per Curiam.**

{¶ 1}   This is the appeal from a judgment denying a writ of mandamus by relator-appellant Levert Ervin to compel respondent-appellee Judge Pamela Barker to vacate an order by an acting administrative judge in Ervin's underlying criminal case.

{¶ 2}   Because Ervin had an adequate remedy at law, the Eighth District was correct in dismissing his petition for a writ of mandamus, and we affirm.

*Facts*

{¶ 3}   On May 4, 2001, a jury in Cuyahoga County Court of Common Pleas case No. CR-01-400774 found Ervin guilty of 11 counts of rape and one count of attempted rape.  He was sentenced to mandatory life in prison for six of the rape counts, life in prison for the remaining five rape counts, and ten years on the count of attempted rape.  His convictions were affirmed on appeal.  *State v. Ervin*, 8th Dist. Cuyahoga No. 80473, 2002-Ohio-4093, *appeal not accepted, State v. Ervin*, 98 Ohio St.3d 1412, 2003-Ohio-60, 781 N.E.2d 1020.

**{¶ 4}** Early in the course of Ervin's trial, the assistant prosecutor discovered that one of the prosecution's witnesses, a social worker named Ian Lucash, would not be available to testify live because of previously scheduled surgery. The assistant prosecutor moved to depose Lucash on videotape. The assistant prosecutor presented the motion to Judge Boyko, who was the acting administrative judge. Judge Boyko granted the motion and instructed the assistant prosecutor and defense attorneys to work out a time to hold the deposition. For reasons unknown, the ruling never made it into the case docket. However, the deposition was held and Lucash's videotaped testimony was admitted in evidence at the trial.

**{¶ 5}** On May 8, 2012, more than ten years after he was convicted, Ervin filed a motion to vacate Judge Boyko's order granting testimony by deposition. Judge Barker denied the motion, finding that the claim was barred by res judicata and that Ervin had failed to demonstrate an abuse of discretion by Judge Boyko in granting the motion. Barker also found that there was ample evidence presented as to the finding of guilt, and therefore any error was harmless and would not have changed the outcome of the trial.

**{¶ 6}** Ervin filed a petition for a writ of mandamus in the Eighth District on July 24, 2012. In it, he claims that Judge Boyko's order allowing the testimony by video deposition is void and must be vacated. He asserts that the prosecuting attorneys failed to make a showing that the assigned judge was not available to rule on the motion and that Judge Boyko lacked authority to rule on the motion. He requests that the order be declared void and claims to have no adequate remedy at law.

**{¶ 7}** The Court of Appeals for the Eighth District dismissed the writ. That court noted that on the direct appeal of his conviction, Ervin's counsel had raised ten assignments of error, several attacking Lucash's testimony. Among these was that the trial judge erred in allowing the video deposition to be used at

2

trial. The court of appeals overruled all the assignments of error and found that the deposition testimony was proper because the social worker would have been unavailable at trial. 2002-Ohio-4093 at ¶ 72-76.

{¶ 8} The Eighth District went on to hold that, at most, Judge Boyko's order was voidable, and not void, and that therefore Ervin had an adequate remedy at law by way of appeal after the trial court denied his motion to vacate.

*Analysis*

{¶ 9} To be entitled to the requested writ of mandamus, Ervin must show a clear legal right to the requested relief, a clear legal duty on the part of Judge Barker to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. He must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 10} Here, Ervin clearly has an adequate remedy in the ordinary course of the law. Not only did he already have his direct appeal, in which he objected to the admission of Lucash's testimony, but, as the Eighth District stated, he could have appealed Judge Barker's June 22, 2012 denial of his motion to vacate Judge Boyko's order.

*Conclusion*

{¶ 11} Because Ervin has an adequate remedy at law by way of appeal, he cannot establish the elements for a writ of mandamus. The Eighth District Court of Appeals did not err in dismissing the petition, and we therefore affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Levert Ervin, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____