[Cite as *State ex rel. Wilmore v. Hayes*, 2013-Ohio-4716.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100234**

---

# STATE OF OHIO EX REL., MICHAEL WILMORE

RELATOR

vs.

# JUDGE JERRY L. HAYES

RESPONDENT

---

## JUDGMENT:
## COMPLAINT DISMISSED

---

Writ of Mandamus
Motion No. 468197
Order No. 468937

**RELEASE DATE:**   October 22, 2013

**FOR RELATOR**

Michael Wilmore, Pro Se
Inmate No. A-324-099
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, OH    44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Nora E. Graham
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Michael Wilmore has filed a complaint for a writ of mandamus through which he seeks an order from this court that requires Judge Jerry L. Hayes to conduct "further proceedings" in Cuyahoga County Juvenile Court Case No. PR90771625.[1] Judge Hayes filed a motion to dismiss that is granted for the following reasons.

{¶2} The request for mandamus is premised upon the granting of a Civ.R. 60(B) motion to vacate judgment with regard to a judgment of August 2, 2004, that ordered Wilmore provide child support and also found child support arrearages. The order of May 10, 2013, however, did not vacate the award of child support or the accumulation of arrearages and only provided that

> [i]t is ordered by the Court that the Decision of the Judge be returned to the Visiting Judge for further proceedings consistent with this order. It is further ordered that all findings and decisions made by Judge Burke E. Smith in this case which have not been modified by the above order are approved and adopted as orders of this Court.

{¶3} Attached to Judge Hayes's motion to dismiss is a copy of a judgment entry, journalized on August 29, 2013, which demonstrates that Judge Hayes conducted a hearing and rendered a ruling with regard to the issues of child support and child support arrearages. Wilmore's request for a writ of mandamus is thus moot. *State ex rel.*

---

[1]Pursuant to Civ.R. 25(D)(1), Judge Jerry L. Hayes is substituted for the judge that was originally assigned to the underlying case.

*Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

**{¶4}** In addition, Wilmore possessed an adequate remedy at law through a direct appeal of the judgment, journalized on August 29, 2013, that upheld the prior holding of past due arrearages, but found no future child support responsibility. The failure to appeal the order of August 29, 2013, prevents this court from issuing a writ of mandamus. *State ex rel. Ervin v. Barker*, 136 Ohio St.3d 160, 2013-Ohio-3171, 991 N.E.2d 1146; *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Cunnigham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393.

**{¶5}** Finally, the issue of past child support arrearages has already been addressed on appeal to this court. In *In re L.S.*, 8th Dist. Cuyahoga No. 91598, 2009-Ohio-617, this court addressed the issue of Wilmore's request for relief from child support arrearages and held that

> [i]n this case, Wilmore previously sought, and was granted, relief from the paternity determination and child support order in 2004. At that time, Wilmore apparently had obtained genetic testing results that would have enabled him to satisfy the grounds for relief set forth in R.C. 3119.962. In granting Wilmore relief, the juvenile court, in its discretion, declined to issue an order canceling the arrearage owed pursuant to R.C. 3119.964. Wilmore did not file an appeal from that judgment.
>
> Wilmore now has filed another motion for relief under R.C. 3119.961 et seq. in an effort to have the arrearage canceled. However, pursuant to R.C. 3119.964, the child support arrearage was properly addressed in 2004 when Wilmore moved for relief upon the genetic test results. The circumstances

upon which Wilmore was found not to be the biological father of the child for whom the support had been ordered have not changed. Further, it is well established that a motion for relief from judgment, or a motion to modify a support order, is not a proper substitute for a timely direct appeal. *See Kean* [11th Dist. Trumbull No. 2005-T-0079, 2006-Ohio-3222].

For this same reason, Wilmore would not be entitled to obtain relief through the filing of a Civ.R. 60(B) motion for relief, which cannot be used as a substitute for a direct appeal. *State ex rel. Bragg v. Seidner*, 92 Ohio St.3d 87, 2001-Ohio-152, 748 N.E.2d 532. Also, it does not appear he would be able to satisfy the grounds for relief thereunder. *See Guthrie*, 84 Ohio St.3d 437, 1999-Ohio-362, 705 N.E.2d 318.

Insofar as the trial court dismissed the matter as barred by res judicata, it has been held that "where a party has previously moved to modify a child support obligation on the same basis as a previous motion and presents no new evidence on how the circumstances were different, the motion is barred by operation of res judicata." *Kean*, *supra*, citing *Petralia v. Petralia*, Lake App. No. 2002-L-047, 2003-Ohio-3867. However, the affirmative defense of res judicata is waived if it is not raised in a responsive pleading. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20-21, 1998-Ohio-440, 688 N.E.2d 506. No responsive pleading was filed in this matter.

{¶6} Because the issue of past child support arrearages has been already raised and addressed by this court, the doctrine of res judicata prevents further litigation of the issue and prevents this court from issuing a writ of mandamus on behalf of Wilmore. It must also be noted that mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967). Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel.*

*Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).

{¶7} Accordingly, we grant Judge Hayes's motion to dismiss. Costs to Wilmore. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Complaint dismissed.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR