THE STATE EX REL. BEVINS, APPELLANT, *v.* COOPER, JUDGE, APPELLEE.

[Cite as *State ex rel. Bevins v. Cooper*, 138 Ohio St.3d 275, 2014-Ohio-544.]

*Mandamus—Prohibition—Prisoner not entitled to release or retrial—Trial-court discharge of hung jury at first trial without stating basis for discharge on journal as required by R.C. 2945.36—Prisoner waived objection by not raising error before second trial—Writ denied.*

(No. 2013-1118—Submitted December 10, 2013—Decided February 20, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130276.

_____

**Per Curiam.**

{¶ 1} We affirm the Hamilton County Court of Appeals' dismissal of appellant Andrew Bevins Jr.'s petition for writs of mandamus and/or prohibition.

{¶ 2} Bevins was tried in 2003 on charges of aggravated burglary and rape. The trial ended in mistrial due to a hung jury. In 2005, Judge Ethna M. Cooper presided over the retrial, in which Bevins was convicted by a jury on both counts.

{¶ 3} In Bevins's direct appeal from the 2005 convictions, the court of appeals remanded for resentencing, but affirmed the convictions. *State v. Bevins*, 1st Dist. Hamilton No. C-050754, 2006-Ohio-6974. Bevins unsuccessfully appealed to this court. *State v. Bevins*, 117 Ohio St.3d 1437, 2008-Ohio-1279, 883 N.E.2d 456 (denying motion for leave to file delayed appeal).

{¶ 4} In this case, Bevins asked the court of appeals to issue a writ ordering immediate release or a new trial, alleging that the 2005 retrial was "jurisdictionally unauthorized" because in 2003 the trial court had discharged the

jury without stating the reasons for the discharge on the journal, as required by R.C. 2945.36.

{¶ 5} A criminal defendant, under the Fifth Amendment to the United States Constitution, generally has the right not to be put in jeopardy twice for the same offense. *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, ¶ 25, citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause affords a criminal defendant a " 'valued right to have his trial completed by a particular tribunal.' " *Oregon v. Kennedy,* 456 U.S. 667, 671–672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), quoting *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

{¶ 6} However, as the *Gunnell* court pointed out, the right is not without exception. The prosecutor can justify a mistrial and retrial under the Double Jeopardy Clause of the Fifth Amendment if he can demonstrate "manifest necessity" for the mistrial. *Gunnell* at ¶ 25, citing *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

{¶ 7} "While other situations have been recognized * * * as meeting the 'manifest necessity' standard, the hung jury remains the prototypical example." *Oregon v. Kennedy* at 672, citing *Arizona v. Washington* at 509; *Illinois v. Somerville*, 410 U.S. 458, 463, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Reflecting this exception, R.C. 2945.36(B) allows a trial court to discharge a jury without prejudice to the prosecution when "there is no probability of such jurors agreeing."

{¶ 8} According to Bevins, however, the trial court in his case did not satisfy the requirement of R.C. 2945.36 that the "reason for such discharge shall be entered on the journal." However, Bevins failed to raise this objection before his second trial. Under Crim.R. 12(C)(1), defenses and objections based on defects in the institution of the prosecution "must be raised before trial." A

failure to raise a defense or objection constitutes a waiver of that defense or objection. Crim.R. 12(H). Thus, Bevins has waived his mistrial argument.

{¶ 9} Moreover, Bevins had available to him other adequate legal remedies by way of appeal, and mandamus and prohibition will not lie where there is an adequate remedy at law. *State ex rel. Ervin v. Barker*, 136 Ohio St.3d 160, 2013-Ohio-3171, 991 N.E.2d 1146, ¶ 9-10. As explained above, he could have filed a Crim.R. 12(C)(1) motion before the retrial and appealed any denial of that motion. He also could have brought up the retrial issue as part of the direct appeal of his 2005 conviction, and he could have brought up the retrial issue as part of a postconviction petition under R.C. 2953.21 et seq.

{¶ 10} As Bevins had adequate remedies at law, he is not entitled to a writ, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Andrew Bevins Jr., pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

————————————