[Cite as *State v. Housley*, 2020-Ohio-1143.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-348 |
| | : | |
| TIMOTHY H. HOUSLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of March, 2020.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellant

TIMOTHY HOUSLEY, #A730-882, P.O. Box 209, Orient, Ohio 43146
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Timothy H. Housley appeals from the trial court's denial of his "motion to vacate a void judgment of conviction for lack of subject matter jurisdiction." For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In October 2016, Housley pled guilty in the Miami County Court of Common Pleas to trafficking in drugs, a second-degree felony, and two counts of possession of drugs, both third-degree felonies. The parties agreed to a five-year sentence, and the State agreed to take no position on judicial release. At sentencing, the trial court imposed five years for Count 1 and 12-month sentences for Counts 2 and 3, to be served concurrently. The court further ordered Housley to pay restitution of $125 and court costs, and it suspended his driver's license for two years. Housley did not appeal his conviction.

{¶ 3} In July 2017, Housley sought judicial release, which was denied.

{¶ 4} In December 2017, the State filed an application for the destruction or disposal of evidence seized from Housley by the Troy Police Department, including cell phones, computers, currency, and a handgun. The court granted the motion. Housley subsequently sought the return of additional property seized by the police, including a safe. The trial court denied Housley's motion for lack of jurisdiction. Housley appealed the trial court's ruling. *See State v. Housley,* 2d Dist. Miami No. 2018-CA-4, 2018-Ohio-4140. The outcomes of Housley's 2018 appeal and a subsequent appeal related to Housley's motion for return of property are not relevant to this appeal.

{¶ 5} On December 14, 2017, Housley moved to withdraw his guilty plea due to ineffective assistance of trial counsel. He claimed that he declined to pursue his motion

to suppress and accepted a five-year plea offer because defense counsel indicated that he would receive 16 years in prison if he did not accept the offer. Housley argued in his motion that his counsel acted deficiently by "coercing and allowing [him] to plead guilty" because (1) he was illegally detained by the Troy Police Department, which would have been raised at the scheduled suppression hearing, (2) the charges in the information were void, (3) he did not help prepare, ship or traffic hashish, liquid hashish and/or marijuana, (4) the State lacked probable cause to arrest him on the charges to which he pled, and (5) defense counsel did not inform Housley that the drugs could be reanalyzed. Housley asserted that counsel did not provide him complete discovery and that he (Housley) was innocent of the charges. Housley also argued that the State violated the plea agreement when it objected to Housley's motion for judicial release.[1]

{¶ 6} In April 2018, the trial court denied Housley's motion to withdraw his plea. Housley did not appeal the trial court's ruling.

{¶ 7} On March 7, 2019, Housley filed a "motion to vacate a void judgment of conviction for lack of subject matter jurisdiction." Housley emphasized that the State acknowledged in its appellate brief in Case No. 2018-CA-4 that Housley was a visitor at the home that was searched and where drugs were found that brought about the charges in this case (2016-CR-348). Housley argued that the information was exculpatory, that the State had violated its duty under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to disclose it, and that the State's actions divested the trial court of

---

[1] The State's response to Housley's motion for judicial release was filed after the trial court denied Housley's motion. Shortly after the filing of Housley's motion to withdraw his plea, the State withdrew its response to Housley's motion for judicial release and indicated that the State had no position on any future motion for judicial release filed by Housley.

subject matter jurisdiction. Housley attached to his motion the relevant page from the State's appellate brief, which stated that Housley had claimed that he did not reside at the residence and that Housley had not established ownership and possession of the safe and computers at issue.

{¶ 8} The State opposed Housley's motion to vacate, construing the motion as a petition for postconviction relief. The State asserted that it fully complied with *Brady*, that Housley's petition was untimely, and that his claim of newly exculpatory evidence was "blatantly false." Housley filed a reply memorandum, disclaiming that he had filed a petition for postconviction relief or a Civ.R. 60(B) motion. He again asserted that the State's *Brady* and discovery violation was a jurisdictional defect.

{¶ 9} The trial court denied Housley's motion, concluding that it had subject matter jurisdiction over Housley's criminal case for drug trafficking and possession of drugs. The court noted that the "primary issue raised by Defendant is that his constitutional rights were violated by the State because he was a mere visitor in the house of the co-defendant, and the State withheld this exculpatory information from him." The court found that Housley's claim fell with R.C. 2953.21, governing petitions for postconviction relief, although Housley insisted that he was not seeking relief under that statute. The court concluded that such a claim would be untimely and that Housley's being a visitor to the house was not exculpatory as residency was not an element of the charges to which he pled guilty.

{¶ 10} Housley appeals from the trial court's ruling, raising arguments similar to those in his motion to vacate.

{¶ 11} As an initial matter, we find no error with the trial court's conclusion that it

had subject matter jurisdiction over Housley's criminal case. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Common pleas courts are constitutionally created and are courts of general jurisdiction with subject matter jurisdiction over all legal and equitable matters that are not denied to the court. *Id.* at ¶ 20; *see* Ohio Constitution, Article IV, Section 4(B).

{¶ 12} Pursuant to R.C. 2931.03, a court of common pleas "has original jurisdiction of all crimes and offenses, except in the case of minor offenses * * *." *See, e.g., State ex rel. Kerr v. Pollex*, Ohio Slip Opinion No. 2020-Ohio-411, __ N.E.3d __, ¶ 7 (common pleas court had subject matter jurisdiction, pursuant to R.C. 2931.03, over defendant's criminal case for forgery and tampering with evidence); *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 (common pleas court has subject matter jurisdiction over felony cases).

{¶ 13} Housley originally was indicted on two counts of trafficking in drugs, illegal manufacture of drugs, and two counts of possession of drugs, all felonies. He subsequently pled guilty to amended charges of trafficking in drugs and two counts of possession, as charged by information. All of the charges fell within the subject matter jurisdiction of the Miami County Court of Common Pleas.

{¶ 14} In general, where a trial court "erred in the exercise of its jurisdiction" but "did not act without jurisdiction," the resulting judgment is voidable rather than void. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15. Housley asserts that the judgment in his case is void due to the actions of the State, specifically

the prosecution's failure to disclose all required evidence and the police's allegedly unlawful behavior in detaining him and interviewing him. While, under some circumstances, the actions of the State may subject a conviction to collateral attack in a postconviction proceeding, the State's alleged conduct in this case did not deprive the trial court of subject matter jurisdiction.

{¶ 15} Housley further claims that the trial court should not have reviewed his motion as a petition for postconviction relief, as he did not seek relief under R.C. 2953.21 or Civ.R. 60(B). The nature of a motion is not necessarily governed by its title. When a motion is filed subsequent to a direct appeal (or the expiration of time for filing a direct appeal), claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for postconviction relief. *See, e.g., State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *State v. Cline*, 2d Dist. Champaign No. 2013 CA 51, 2014-Ohio-4503, ¶ 7. Housley's motion, although titled as a motion to vacate a void judgment, met the criteria for a petition for postconviction relief. The trial court did not err in construing his motion as such.

{¶ 16} Pursuant to R.C. 2953.21(A)(2), Housley was required to file a petition for postconviction relief "no later than three hundred sixty-five days after the expiration of the time for filing the [direct] appeal." Housley was convicted on November 30, 2016, and he did not appeal. He therefore was required to file his petition for postconviction relief by December 30, 2017, absent an excuse for his untimeliness under R.C. 2953.23. Housley filed his motion to vacate on March 7, 2019, well beyond the deadline for filing a petition for postconviction relief.

{¶ 17} Housley asserts, albeit under a *Brady* argument, that he recently learned that the State knew him to be a visitor to the residence where drugs were found. However, whether Housley was a visitor or, instead, a resident of the home was within Housley's knowledge at the time of his conviction. Such information was not newly discovered. Accordingly, Housley has not provided a basis to excuse the untimeliness of his petition/motion.

{¶ 18} Moreover, even if we were to consider Housley's argument that the State withheld discovery and *Brady* material when it allegedly failed to inform him that it knew that he was a visitor, we would find no merit to Housley's claim.

{¶ 19} *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Disciplinary Counsel v. Kellogg-Martin*, 124 Ohio St.3d 415, 2010-Ohio-282, 923 N.E.2d 125, ¶ 24, citing *Brady* at 87. In order to establish a *Brady* violation, the defendant must demonstrate that (1) the prosecution failed to disclose evidence upon request; (2) the evidence was favorable to the defendant; and (3) the evidence was material. *State v. Wade*, 2d Dist. Clark No. 06-CA-108, 2007-Ohio-6611, ¶ 12. Evidence suppressed by the State "shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Aldridge*, 120 Ohio App.3d 122, 145, 697 N.E.2d 228 (2d Dist.1997), quoting *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraph five of the syllabus.

{¶ 20} "The rule in *Brady* only applies to evidence unknown to the defendant at the

time of the trial." *State v. Royster*, 2d Dist. Montgomery No. 26378, 2015-Ohio-625, ¶ 17.

{¶ 21} Here, Housley has not demonstrated a *Brady* or discovery violation by the State. The page of the State's appellate brief upon which Housley relies simply noted that *Housley* had argued that he was a visitor at the residence; the State did not concede that he was a visitor or cite to evidence establishing where Housley lived. And, Housley has not identified any *evidence* that was withheld by the State, either related to his residency or otherwise. Moreover, as stated above, whether Housley was or was not a visitor, rather than a resident, was within Housley's knowledge at the time of his arrest and throughout his case. Accordingly, even considering Housley's motion on the merits, Housley has not demonstrated that a *Brady* or discovery violation occurred to warrant the vacation of his conviction.

{¶ 22} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins
Timothy Housley
Hon. Jeannine N. Pratt