[Cite as *State v. Reed*, 2022-Ohio-3461.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-59 |
| | : | |
| v. | : | Trial Court Case No. 1978-CR-86 |
| | : | |
| JEFF REED | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
         Attorney for Plaintiff-Appellee

JEFF REED, #A152-241, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
         Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jeff Reed appeals from the Clark County Common Pleas Court's order overruling his pro se motion filed on October 29, 2021, labeled "Request for Evident[i]ary Hearing." For the reasons that follow, we affirm the judgment of the trial court.

## I. Procedural History and Facts

{¶ 2} On July 24, 1978, as part of a negotiated plea agreement, Reed entered a guilty plea to one count of aggravated murder with a specification and one count of felonious assault; several other felony charges and specifications were dismissed. He was sentenced to life in prison on the aggravated murder charge and an indeterminate sentence of five to fifteen years of imprisonment for felonious assault, with the sentences to be served consecutively. No direct appeal was taken from his conviction.

{¶ 3} Eighteen years later, in 1996, Reed filed a petition for post-conviction relief which was denied by the trial court. Reed did not appeal that decision.

{¶ 4} In 1998, Reed filed a motion with this Court pursuant to App.R. 5(A) seeking permission to file a delayed merit appeal from his conviction. We denied the request for a delayed appeal, and the Supreme Court declined jurisdiction of Reed's appeal from our denial. *See State v. Reed*, 84 Ohio St.3d 1408, 701 N.E.2d 1018 (1998).

{¶ 5} In 2001, Reed filed a motion in the trial court seeking to withdraw his guilty plea. The trial court overruled his motion, and we affirmed on appeal. *State v. Reed*, 2d Dist. Clark No. 2001-CA-28, 2001 WL 1173329, *1 (Oct. 5, 2001).

{¶ 6} In 2002, Reed filed another petition for post-conviction relief, which the trial

court dismissed for lack of jurisdiction. This Court affirmed the decision of the trial court. *State v. Reed*, 2d Dist. Clark No. 2003-CA-4, 2003-Ohio-4848.

{¶ 7} At the end of 2010, Reed filed another petition for post-conviction relief, which the trial court overruled. We affirmed the trial court's judgment on appeal. *State v. Reed*, 2d Dist. Clark No. 2011-CA-3, 2011-Ohio-6304.

{¶ 8} On October 29, 2021, Reed filed a motion titled "Request for Evident[i]ary Hearing." In his motion, he asked the trial court to vacate his plea and sentence due to the trial court's lack of both personal and subject-matter jurisdiction. Reed alleged that Crim.R. 6(F) and R.C. 2939.22 required the grand jury foreman to present an envelope to the common pleas court judge containing the indictment and that the judge in this case did not receive or inspect the grand jury envelope or its contents, such that the trial court "did not take personal jurisdiction over the accused." Reed further argued that the trial court judge was required to sign the grand jury envelope and, since Reed had been unable to obtain a copy of it through various efforts, it must not exist, which Reed contended was fatal to the trial court's jurisdiction. Attached to Reed's motion was a copy of his request to the Clark County Clerk of Courts to obtain a copy of the envelope that d carried the grand jury votes to the clerk of court's office and the denial of said request in March 2019. He also included two affidavits that appear to have been completed in 2019 and a copy of his sentencing entry, which was time-stamped but not signed by the judge.

{¶ 9} On November 8, 2021, the trial court overruled Reed's motion. The entirety of the trial court's decision read: "Defendant's October 29, 2021 Motion for Evidentiary

Hearing is Overruled."

{¶ 10} Reed appeals and raises the following two assignments of error:

THE TRIAL COURT ERRED WHEN THE TRIAL COURT DID NOT MAKE A DETERMINATION CONCERNING THE MOTION TO VACATE AND OVERRULED THE REQUEST FOR AN EVIDENTIAL HEARING IN RELATION TO THE RETURN OF THE INDICTMENT AND THE UNCONTROVERTED SWORN AFFIDAVIT WITHOUT MAKING A REASONABLE LEGAL DECISION, ONE SUPPORTED BY A SOUND REASONING PROCESS RELATED TO FACTS, RELATED TO ALLEDGED CHALLENGED DISPUTE AND THE TRIAL COURT'S VAGUE DECISION LACKS ADEQUATE DETERMINATION PRINCIPLE AND IS NOT GOVERNED BY ANY FIXED RULE'S LAWS OR STANDARD AND FOR THESE REASONS THE TRIAL COURT HAS ABUSED ITS DISCRETION IN THE NOV.08, 2021 ENTRY.

THE TRIAL COURT ERRED WHEN IT REFUSED AND FAILED TO DETERMINE ITS OWN JURISDICTION AND ABUSED ITS DISCRETION BY NOT ADDRESSING THE FACTUAL DISPUTE AS TO WHETHER THE TRIAL COURT LACKED PERSONAL AND SUBJECT MATTER JURISDICTION OVER THE DEFENDANT IN REGARDS TO FACTUAL LAW QUESTION ON A PROPER RETURN OF INDICTMENT AND WHETHER IT WAS ABLE TO ADDRESS THE LACK OF ITS OWN JUR. LEAVING THE MATTER UNRESOLVED, WITH NO LEGAL OPINION OF

FACT AND LAW TO APPEAL TO, RESULTING IN QUESTION OF LAW ONLY DE NOVO REVIEW TO THE LOWER COURTS LACK OF JURISDICTION.

{¶ 11} Reed's assignments of error argue that the trial court abused its discretion in overruling his motion and, further, that the trial court's decision failed to provide a statement of facts and conclusion of law. Because the two issues are interrelated, we will address the assignments of error together.

## II. Jurisdiction

{¶ 12} "The general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St. 3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 18. A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio, and courts have inherent authority to vacate a void judgment. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraphs three and four of the syllabus. Distinguishing between subject matter jurisdiction and jurisdiction over a particular case is important because "[i]t is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. A void judgment may be challenged at any time, whereas a voidable judgment must be challenged at the earliest available opportunity, otherwise any objection to the error is forfeited. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17, citing *Tari v. State*, 117 Ohio St.

481, 159 N.E. 594 (1927). "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St. 3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26.

{¶ 13} Subject-matter jurisdiction "connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." (Citations omitted.) *Kuchta* at ¶ 19. A court's jurisdiction over a specific case encompasses the court's authority to proceed or rule on a case that is within the class of cases that is within the court's subject-matter jurisdiction. *Pratts* at ¶ 12. "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Kuchta* at ¶ 19, citing *Pratts* at ¶ 12.

{¶ 14} Unlike subject-matter jurisdiction, personal jurisdiction is a court's power over the person in a particular case. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. A court acquires personal jurisdiction over a defendant "by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). "Because subject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived or forfeited and may be raised at any time. In contrast, a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary

submission at an initial appearance or by entering a plea of not guilty." (Citations omitted.) *Mbodji* at ¶ 10.

{¶ 15} Article IV, Section 4(B) of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). Pursuant to Section X, Article I, of the Ohio Constitution and Crim.R. 7, the initiation of felony charges shall be by indictment. A court's "felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).

{¶ 16} "The return and filing process for indictments is outlined in Crim.R. 6(F) and R.C. 2939.22." *State v. Rohde*, 2d Dist. Montgomery No. 26087, 2014-Ohio-5580, ¶ 25. Former Crim.R. 6(F), applicable at the time of Reed's indictment, provided that an "indictment shall be returned by the foreman or deputy foreman to a judge of the court of common pleas and filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets." Crim.R. 6(F) was amended effective July 1, 2019, in order to make the rule gender neutral, but there has been no substantive change since its original enactment in 1973. R.C. 2939.22 likewise provides, in pertinent part, that "[i]ndictments found by a grand jury shall be presented by the foreman to the court of common pleas, and filed with the clerk of the court of common pleas, who shall indorse thereon the date of such filing and enter each case upon the appearance docket and the trial docket of the term when the persons indicted have been arrested."

{¶ 17} In the case at bar, Reed was charged and convicted on a felony indictment voted on by the Clark County grand jury for offenses alleged to have occurred in Clark County, Ohio, and docketed on April 27, 1978, by the clerk of the Clark County Common Pleas Court. The Clark County Common Pleas Court, therefore, was the appropriate forum and had subject-matter jurisdiction over Reed's case. The record reflects that Reed voluntarily subjected himself to the authority of the court and entered a guilty plea such that the trial court had personal jurisdiction over Reed. The error at issue here (an alleged violation of Crim.R. 6(F) and R.C. 2939.22) is not one that challenges subject-matter jurisdiction, but rather the manner in which Reed was indicted. Reed asserts that although the indictment was signed by the grand jury foreman and time-stamped and filed by the clerk, it did not have the judge's signature on the indictment or on an alleged envelope that transported the indictment to the Common Pleas Court, resulting in a failure to invoke subject-matter jurisdiction. Reed surmises that "if the judge had the envelope and its contents and he signed the envelope and then gave it to the clerk of courts it would be on record with the clerk of courts, [but it does not] exist because the judge for the Grand Jury never got the envelope." Brief of Appellant, p. 3. Thus, Reed argues that the absence of the signed envelope signifies a defect in his indictment that left the trial court without subject-matter jurisdiction to convict him, that his judgment was therefore void, and that a void judgment can be challenged at any time. Contrary to Reed's assertions, neither the plain language of R.C. 2932.22 nor Crim.R. 6(F) require that the indictment be delivered to a judge in a particular envelope or that the judge inspect said envelope or the indictment prior to it being filed with the clerk of court. Nor do they

require the judge to sign said envelope or the indictment. As a result, Reed's unsubstantiated claim that a defect in the procedure by which he was indicted rendered the trial court without subject-matter jurisdiction was meritless.

**{¶ 18}** Even if Reed's speculations were correct, the alleged defect relating to the manner in which he was indicted was not a jurisdictional defect but a procedural error that should have been raised prior to trial or on direct appeal. "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998). "Therefore, following conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal[.]" *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St. 3d 237, 238, 673 N.E.2d 1273 (1997), citing *State ex rel. Simpson v. Lazaroff*, 75 Ohio St.3d 571, 664 N.E.2d 937 (1996). Notably, in other cases where a deficiency occurred in the manner of charging the indictment, the Ohio Supreme Court has consistently found that the error relates to the sufficiency of the indictment and is not a jurisdictional defect. *See VanBuskirk v. Wingard*, 80 Ohio St.3d 659, 660, 687 N.E.2d 776 (1998) ("[A] grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction"); *Kroger v. Engle*, 53 Ohio St.2d 165, 165, 373 N.E.2d 383 (1978) (requirement that the grand jury foreman sign the indictment relates to the sufficiency of the indictment, which should be raised in a direct appeal from the conviction); *Payne v. Jeffreys*, 209 Ohio St.3d 239, 2006-Ohio-2288, 846 N.E.2d 239, ¶ 4-5 (allegation that indictment failed to include words "A true bill" and the foreman's

signature attack the validity and sufficiency of the indictment and should have been raised on direct appeal); *Midling v. Perrini*, 14 Ohio St.2d 106, 107, 236 N.E.2d 557 (1968) ("[W]here a defendant while represented by counsel pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. * * * Such an indictment can only be attacked directly on appeal.").

{¶ 19} Ohio appellate courts have also concluded that the alleged failure to comply with the requirements of Crim.R. 6(F) are unrelated to subject-matter jurisdiction and subject to res judicata. *See State v. Rickard*, 6th Dist. Lucas No. L-16-1043, 2016-Ohio-4755, ¶ 11-12 (concluding that the alleged lack of a signature by the grand jury foreman under Crim.R. 6(F) was not an issue of subject-matter jurisdiction and subject to res judicata); *State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-Ohio-6894, ¶ 7-9 (applying res judicata to an alleged violation of Crim.R. 6(C) and (F) and R.C. 2939.22).

{¶ 20} Crim.R. 12(C)(1) requires a defendant to raise any defenses or objections based on defects in the institution of the prosecution prior to trial. "A failure to raise a defense or objection constitutes a waiver of that defense or objection." *State ex rel. Bevins v. Cooper*, 138 Ohio St.3d 275, 2014-Ohio-544, 6 N.E.3d 33, ¶ 8, citing Crim.R. 12(H). This Court has repeatedly held that " 'a defendant waives any deficiency in the indictment by failing to object to the indictment and pleading guilty to the offense.' " *State v. Akhmedov*, 2d Dist. Montgomery No. 28185, 2019-Ohio-3586, ¶ 10, quoting *State v. Edwards*, 2d Dist. Montgomery No. 22648, 2009-Ohio-1408, ¶ 34, citing *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73.

**{¶ 21}** In challenging the sufficiency of an indictment, "[a]ppellant's remedy, if any, is by way of appeal from the judgment of conviction."  *Chapman v. Jago*, 48 Ohio St.2d 51, 51, 356 N.E.2d 721 (1976).   But because the issue of the sufficiency of an indictment must be raised on direct appeal, it cannot be addressed in a collateral attack.  *State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284, ¶ 9.   This is because issues that have been or could have been raised in a direct appeal are barred from consideration in any post-conviction proceeding by the doctrine of res judicata.  *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).   Because Reed pled guilty and could have challenged the sufficiency of his indictment in a direct appeal 44 years ago, he is now barred by res judicata from attempting to challenge it.   As a result, his first assignment of error is overruled.

**{¶ 22}** In Reed's second assignment of error, he has not asserted any controlling authority requiring the trial court to issue findings of fact and conclusions of law under these circumstances.   Findings of fact and conclusions of law are required under certain rules and statutes, such as a timely-filed petition for post-conviction relief (R.C. 2953.21(D) and (H) and Crim.R. 35(C)) or a petition for post-conviction DNA testing (R.C. 2953.73(D)).   Reed's motion does not fall within any applicable rule or statute that required the trial court to issue findings of fact or conclusions of law.

**{¶ 23}** Considering the nature of Reed's argument in the trial court and the application of res judicata, we cannot say that the trial court erred in not issuing findings of fact and conclusions of law.   While it might have been preferable for the trial court to issue more of an explanation than what was provided, we see nothing in the rules or

statutes that required the trial court to issue findings of fact and conclusions of law in this case.   Consequently, Reed's second assignment of error is overruled.

### III.    Conclusion

**{¶ 24}** Having overruled both assignments of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Jeff Reed
Hon. Douglas M. Rastatter