[Cite as *State v. Parks*, 2026-Ohio-2311.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 30702 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03098/1 |
| | : | |
| | : | (Criminal Appeal from Common Pleas |
| DANA PARKS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 18, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

DANA PARKS, Appellant, Pro Se
MICHAEL P. ALLEN, Attorney for Appellee

EPLEY, J.

{¶ 1} Dana Parks appeals from a judgment of the Montgomery County Court of Common Pleas that overruled his "motion to dismiss indictment for lack of subject matter jurisdiction." For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} During the early morning hours of July 4, 2021, Parks shot and killed his friend, Kevin Hughes Jr., in front of his (Parks's) residence. Parks and his brother, Ernest, put Hughes's body in Hughes's Buick LaCrosse, and Ernest drove the vehicle to the other side of Dayton; Parks followed in Ernest's pickup truck. As Parks waited on the street, Ernest drove the Buick down a ravine into a wooded area. There, Ernest found a gas can and set fire to Hughes's body and personal items, which he had placed on the ground. Afterward, Parks and Ernest took the Buick to a scrap yard. Parks watched as Ernest set the Buick and its contents on fire.

{¶ 3} In December 2021, Parks was indicted on two counts of murder with firearm specifications, two counts of felonious assault with firearm specifications, three counts of tampering with evidence, and one count each of gross abuse of a corpse, attempted arson, arson, and having weapons while under disability with a firearm specification. Parks pled not guilty to the charges. While Parks's case was pending, he never challenged the validity of the indictment.

{¶ 4} Ultimately, after a trial and merger of offenses, Parks was convicted of murder (Count 1), tampering with evidence (Counts 5-7), attempted arson (Count 8, as relabeled at trial), and having weapons while under disability (Count 11), plus associated firearm specifications. The court imposed an aggregate term of 23 years to life in prison, designated him as a violent offender and an arson offender, and ordered him to pay restitution and court costs.

{¶ 5} Parks appealed from his convictions, but he did not raise any challenge to the validity or sufficiency of the indictment. On October 18, 2024, we affirmed Parks's convictions. *State v. Parks*, 2024-Ohio-5026 (2d Dist.).

{¶ 6} Approximately a year later, on October 1, 2025, Parks, pro se, filed a "motion to dismiss indictment for lack of subject matter jurisdiction." He claimed that he had not been validly indicted, because none of the witnesses appeared before the grand jury and the essential elements in the indictment were never found by the grand jury. Parks further contended the indictment failed to meet constitutional requirements of the Fifth and Sixth Amendments to the United States Constitution, as well as Article I, Section 10 of the Ohio Constitution. He argued that because he had not been validly indicted, the trial court lacked subject matter jurisdiction over his case.

{¶ 7} In its response, the State construed Parks's motion as a petition for postconviction relief and argued that it was untimely. Alternatively, it asserted that Parks's arguments were barred by res judicata. The State stressed that Parks should have challenged the validity or sufficiency of the indictment in his direct appeal. Park's reply memorandum emphasized that he was challenging the court's subject matter jurisdiction, which could be raised at any time, and that his motion was not properly reviewed as a petition for postconviction relief.

3

**{¶ 8}** On November 13, 2025, the trial court found that Parks's motion was barred by res judicata and failed when construed as a petition for postconviction relief. It reasoned that courts of common pleas have original jurisdiction in felony cases and that, after sentencing, Parks's remedy was to challenge the validity of the indictment in his direct appeal. Upon considering his motion as a petition for postconviction relief, the court further found that (1) his petition was untimely; (2) he had offered no evidence that he was unavoidably prevented from discovering the alleged defects in the indictment, nor had he shown that the United States Supreme Court had recognized a new federal or state right that applied retroactively to him; and (3) he could not provide clear and convincing evidence that, but for the error at trial, no reasonable fact finder would have found him guilty.

**{¶ 9}** Parks appeals from the trial court's judgment, raising two assignments of error.

## II. Prosecutorial Misconduct

**{¶ 10}** In his first assignment of error, Parks claims that the State engaged in prosecutorial misconduct in violation of his constitutional rights when it failed to serve him with its response to his motion to dismiss. Parks states that he was prejudiced by the lack of service because it "negat[ed] him from properly challenging the State's Position, or adequately preparing a reasoned Defense against it." The record refutes Parks's argument.

**{¶ 11}** The State filed its response to Parks's motion to dismiss on October 28, 2025. The last page of the response included a certificate of service in which the prosecutor certified that the document was filed with the clerk of courts e-filing system and would "be sent via ordinary U.S. Mail to Inmate Dana Parks, #A826052, pro se, PO Box 69[,] London, Ohio 43140." The address for Parks in the certificate of service matched the address that Parks provided in his own filings, including his motion to dismiss and his reply memorandum.

4

The record thus reflects that Parks was properly served with the State's response to his motion to dismiss. *See Hurley v. Nifty 50 Tavern*, 2017-Ohio-7935, ¶ 19-20 (2d Dist.).

{¶ 12} Even accepting, for the sake of argument, that Parks did not receive the State's response at his prison address, Parks filed a reply memorandum in response to the State's arguments, and he challenged the State's construction of his motion as a petition for postconviction relief. Parks did not raise lack of service or notice of the State's filing, and the record does not support Parks's contention that he suffered prejudice.

{¶ 13} Parks's first assignment of error is overruled.

### III. Review of Trial Court's Decision

{¶ 14} In his second assignment of error, Parks claims that the trial court abused its discretion and violated his constitutional rights when it construed his motion as a petition for postconviction relief. He also argues that the trial court erred in concluding that his motion was barred by res judicata.

{¶ 15} We begin with the trial court's implicit conclusion that it had subject matter jurisdiction and its express conclusion that Parks's arguments were barred by res judicata.

{¶ 16} "The general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 18, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11-12. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the

5

controversy." *State v. Harper*, 2020-Ohio-2913, ¶ 23. A judgment issued by a court lacking subject matter jurisdiction is void ab initio. *State v. Reed*, 2022-Ohio-3461, ¶ 12 (2d Dist.).

{¶ 17} In contrast, "a court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19. This involves consideration of the rights of the parties. *Id*. When a court has subject matter jurisdiction, any error in the exercise of jurisdiction over the case causes a judgment to be voidable rather than void. *Id*. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Harper* at ¶ 26.

{¶ 18} "Common pleas courts are constitutionally created and are courts of general jurisdiction with subject matter jurisdiction over all legal and equitable matters that are not denied to the court." *State v. Housley*, 2020-Ohio-1143, ¶ 11 (2d Dist.), citing *Kuchta* at ¶ 20 and Ohio Const., art. IV, § 4(B). Under R.C. 2931.03, they have "original jurisdiction of all crimes and offenses," except for minor offenses for which jurisdiction is exclusively vested in a lower court. *See, e.g.*, *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 (common pleas courts have subject matter jurisdiction over felony cases); *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 164 (1968) ("In the absence of an express provision to the contrary, the Court of Common Pleas has jurisdiction over misdemeanors.").

{¶ 19} Parks's indictment charged him with ten felonies and one misdemeanor of the first degree. All the charges fell within the subject matter jurisdiction of the Montgomery County Court of Common Pleas. Although Parks couches his argument in terms of subject matter jurisdiction, the defects he raises regarding the manner in which he was indicted constitute alleged procedural errors, not jurisdictional defects. Consequently, Parks should have raised the alleged defects prior to trial. *See Reed*, 2022-Ohio-3461, at ¶ 18 (2d Dist.); Crim.R. 12(C). After his conviction, the proper avenue to challenge the validity or sufficiency

6

of the indictment was by direct appeal. *State ex rel. Beaucamp v. Lazaroff*, 1997-Ohio-277, ¶ 5.

{¶ 20} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2013-Ohio-3645, ¶ 9 (2d Dist.). It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 2006-Ohio-1245, ¶ 17; *State v. Shah*, 2023-Ohio-2328, ¶ 12 (2d Dist.). Parks could have challenged the validity of his indictment on direct appeal but did not. Accordingly, the trial court appropriately found that his claim was barred by res judicata.

{¶ 21} As to the trial court's treatment of Parks's motion as a petition for postconviction relief, "[t]he nature of a motion is not necessarily governed by its title." *Housley*, 2020-Ohio-1143, at ¶ 15 (2d Dist.). Here, Parks's motion was properly treated as a petition for postconviction relief under R.C. 2953.21(A)(1) because it was filed a year after his direct appeal was decided, claimed a denial of his constitutional rights, and sought to have his conviction vacated due to constitutional violations in the way he was indicted. *See State v. Cline*, 2014-Ohio-4503, ¶ 7, citing *State v. Reynolds*, 1997-Ohio-304. Despite how the motion was captioned, the trial court did not err in analyzing it as a petition for postconviction relief.

{¶ 22} Parks's second assignment of error is overruled.

### IV. Conclusion

{¶ 23} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.